James E. Torske, Esq.
Torske Law Office, P.L.L.C.
314 North Custer Avenue
Hardin, Montana  59034
Telephone:  (406) 665-1902
Fax:  (406) 665-1903
torskelaw@tctwest.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| BIG HORN COUNTY ELECTRIC, COOPERATIVE, INC., a Montana Corporation, ) ) ) ) | **Case No. _____** |
| Plaintiff, ) ) | **COMPLAINT FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF** |
| -v- ) ) | |
| ALDEN BIG MAN, UNKNOWN MEMBERS OF THE CROW TRIBAL HEALTH BOARD, HONORABLE CHIEF JUSTICE JOEY JAYNE, HONORABLE JUSTICE LEROY NOT AFRAID, and HONORABLE JUSTICE KARI COVERS UP, Justices of the Crow Court of Appeals, ) ) ) ) ) ) ) ) ) | |
| Defendants. ) _____ ) | |

1

## Introduction

Plaintiff, by and through its counsel, for its Complaint against Defendants, hereby complains, alleges, and avers as follows:

1. By this Complaint, Plaintiff seeks protection from a lawsuit Defendant Alden Big Man filed against Plaintiff in the Crow Tribal Court ("Tribal Court") in and for the Crow Indian Reservation, Civil Case No. 12-118 (hereinafter the "Lawsuit"). A true and correct copy of the Complaint filed in the Lawsuit is attached as Exhibit 1. The Defendant that filed the Lawsuit in Crow Tribal Court is referred to in this Complaint for Declaratory Relief and Injunctive Relief as the "Tribal Court Plaintiff". In the Lawsuit, the Tribal Court Plaintiff sought a court order awarding him damages and attorney fees from Plaintiff for Plaintiff's violation of tribal law. (Title 20 Utilities, Termination of Electric Service, attached as Exhibit 2.) The Tribal Court Plaintiff sought Summary Judgment and Plaintiff herein requested the Lawsuit be dismissed for lack of jurisdiction. The Tribal Court entered its Order dismissing the Lawsuit. The Tribal Court Plaintiff appealed to the Crow Court of Appeals which reversed the Tribal Court and remanded the Lawsuit for trial before the Tribal Court. The Crow Court of Appeals' "Opinion" is attached as Exhibit 3.

2. Plaintiff has exhausted available Tribal Court remedies and submits the Tribal Court plainly lacks jurisdiction over the Lawsuit because the Crow Tribe and the Tribal Court lack subject matter and personal jurisdiction over Plaintiff.

## The Parties to This Complaint

2

**The Plaintiff**

>   Big Horn County Electric Cooperative, Inc.
>   P.O. Box 410
>   Hardin, Big Horn County
>   Montana, 59034
>   406-665-2580
>   rmetzger@bhcec.com

**The Defendants**

>   Defendant No. 1
>       Alden Big Man
>       P.O. Box 271
>       Crow Agency, Big Horn County
>       Montana, 59022
>       Telephone (none listed)
>       E-mail Address (none listed)
>
>   Defendant No. 2
>       Unknown Members of the Crow Tribal Health Board
>       _____
>       Crow Agency, Big Horn County
>       Montana, 59022
>       (406) 679-3727
>       E-mail Address: (non listed)
>
>   Defendant No. 3
>       Chief Justice Joann Jayne
>       P.O. Box 741
>       Arlee, Lake County
>       Montana, 59821
>       (406) 726-5639
>       jayne57@hotmail.com
>
>   Defendant No. 4
>       Justice Leroy Not Afraid
>       C/O Big Horn County Justice Court
>       P.O. Box 908
>       Hardin, Big Horn County

3

Montana, 59034
(406) 665-9760
tmendez@mt.gov

Defendant No. 5
        Justice Kari Covers Up
        C/O Crow Tribal Court
        P.O. Box 489
        Crow Agency, Big Horn County
        Montana, 59022
        (406) 638-7400
        oldcrow@crowtribalcourts.org

3.  Plaintiff, Big Horn County Electric Cooperative, Inc., (hereafter "Big Horn"), is a nonprofit Montana corporation incorporated pursuant to the provisions of Montana's Rural Electric and Telephone Cooperative Act, Title 35, Chapter 18 of the Montana Code Annotated.  Plaintiff's principal office is located in the City of Hardin, in the County of Big Horn, State of Montana, and is engaged in delivery of electric energy and services to its members and users in the states of Montana and Wyoming.  Big Horn is a non-Indian entity and is the Defendant in the Lawsuit.

4.  Defendant Alden Big Man is the Tribal Court Plaintiff, an enrolled member of the Crow Tribe, a member of Big Horn, and receives electric energy and service on the Crow Reservation pursuant to a Membership Agreement (attached as Exhibit 4) wherein he agreed to be bound by the bylaws, rules and regulations, and terms of his Membership Agreement.

5.  Defendant Unknown Members of the Crow Tribal Health Board are those individuals who are or were members of the Crow Tribal Health Board purporting to have

regulatory authority over Big Horn pursuant to Title 20 of the Crow Tribal Code referenced in Exhibit 2.

6.   Defendants 3, 4, and 5, Chief Justice Joann Jayne, Justice Leroy Not Afraid, and Justice Kari Covers Up, are justices of the Crow Court of Appeals who entered their Opinion, dated April 15th, 2017, (Exhibit 3), holding that the Crow Tribe has regulatory and adjudicatory jurisdiction over Big Horn and overturning the Order of the Crow Tribal Court, attached as Exhibit 5, dismissing the Lawsuit for lack of Tribal Court jurisdiction.

## Basis for Jurisdiction and Venue

7.   Plaintiff incorporates by reference paragraphs 1 through 6 set out above.

8.   This Court has jurisdiction over the subject of this action pursuant to 28 U.S.C. § 1331.   Adjudication of the controversy presented in this action requires interpretation, construction, and application of the laws of the United States.   Whether the Crow Tribe has legislative regulatory authority and the Tribal Court has adjudicative authority over nonmembers is a federal question, *Plains Commerce Bank v. Long Family Land & Cattle Co.,* 554 U.S. 316, 324 (2008).   A case of actual controversy exists between the parties involving whether the Crow Tribe, through enforcement of Title 20 of the Crow Tribal Code, has regulatory authority and the Crow Tribal Court has adjudicative authority over Big Horn, a nonmember of the Crow Tribe.

9.   This action is brought under the Declaratory Judgment Act, 28 U.S.C. § 2201, warranting this Court's declaration of the rights and other legal relations of the parties as

hereafter sought by Big Horn.  Plaintiff seeks injunctive relief under Fed. R. Civ. P. 65.

10.   Exhaustion of Tribal Court remedies is a prudential rule based upon comity, *Straight v. A-1 Contractors*, 520 U.S. 438, 453 (1997).  Tribal Court remedies have been exhausted as the Crow Tribal Court of Appeals, by its Opinion, has defined the extent of the Tribal Court's jurisdiction and concluded the Tribal Court has subject matter jurisdiction in the Lawsuit to the injury of Big Horn in violation of federal law and of federal rights of Big Horn, and in excess of federal limitations upon the power of Defendants and of the Crow Tribe.

11.   Venue is proper in this District and Division under 28 U.S.C. § 1391(b) and L.R. 3.2(b).  The Lawsuit originated and is still in the Crow Tribal Court, Crow Agency, Big Horn County, Montana.  Big Horn County is part of the Billings Division.  The Tribal Court Plaintiff alleges he resides on the Crow Indian Reservation, Big Horn County, Montana. The Crow Tribal Court of Appeals Justices preside over the Crow Court of Appeals in session at Crow Agency, Big Horn County, Montana.

## Statement of Claim

12.  Plaintiff incorporates by reference paragraphs 1 through 11 set out above.

13.  On May 2nd, 2012, the Tribal Court Plaintiff filed the Lawsuit in Crow Tribal Court.

14.  To establish jurisdiction in Tribal Court, the Tribal Court Plaintiff asserted the following allegations: (a) "Plaintiff is an enrolled member of the tribe and BHCEC entered

into a consensual and contractual relationship with Plaintiff to provide service on the Crow Reservation."; (b) "BHEC is a member owned cooperative and the majority of members are enrolled members of the Crow Tribe."; and (c) "The court has jurisdiction over the action since it arises on the reservation."

15.   In January of 2012, Tribal Court Plaintiff became delinquent in payment for energy and services delivered by Big Horn pursuant to the Membership Agreement between the Tribal Court Plaintiff and Big Horn.  After the Tribal Court Plaintiff was given notice by Big Horn, in accordance with its longstanding rules and governing policy with regard to member's delinquent accounts, Tribal Court Plaintiff's service was disconnected.

16.   On May 2nd, 2012, Tribal Court Plaintiff initiated the Lawsuit alleging one cause of action, namely, that Big Horn "violated Crow law" namely "CLOC 20-1-110 TERMINATION OF SERVICE DURING WINTER MONTHS."

17.   The Tribal Court Plaintiff's Lawsuit was based solely upon the allegation Big Horn "violated Crow law" by terminating his service for nonpayment.  No allegation was made in the Lawsuit that Big Horn had engaged in breach of contract or other nonperformance as required by the Tribal Court Plaintiff's Membership Agreement with Big Horn.

18.   The Membership Agreement between Big Horn and the Tribal Court Plaintiff contains forum and choice of law provisions for determining the rights of both Big Horn and its Members arising out of the Membership Agreement.   The forum and choice of law

provisions were set out in Big Horn's Answer to Complaint, attached as Exhibit 6. The choice of law provision designates "laws of the state of Montana" and forum provision designates the "District Court, Big Horn County" for all actions and proceedings brought to "determine the rights of either the cooperative or applicant arising by reason of membership . . . or delivery of electric energy to said member."

19.  In the Lawsuit the Tribal Court Plaintiff filed a Motion and Brief for Summary Judgment, attached as Exhibit 7, and Big Horn responded with its Response to Plaintiff's Motion for Summary Judgment, attached as Exhibit 8, asking that the Crow Tribal Court dismiss the Lawsuit for lack of jurisdiction.

20.  On May 24, 2013, the Crow Tribal Court entered its Order dismissing the Lawsuit holding the Crow Tribe "is without legislative jurisdiction to adopt and enforce Title 20 Regulation" and "this Court is without jurisdiction over this case . . . ". The Tribal Court Plaintiff appealed to the Crow Court of Appeals in a timely manner and submitted its Appellant Brief, attached as Exhibit 9, contending the Crow Tribe has jurisdictional authority over Big Horn based upon the two exceptions to the general rule that Indian tribes lack regulatory authority over nonmembers as set forth in *Montana v. United States*, 450 U.S. 544 (1981), and the Crow Tribe's inherent power to exclude.

21.  Big Horn filed its Respondent/Appellee's Brief, attached as Exhibit 10, on July 12th, 2013. After a long delay the Crow Court of Appeals heard oral argument on September 26, 2016, and issued its Opinion (Exhibit 3) holding the Crow Tribal Court has subject

matter jurisdiction, thereby reversing the Tribal Court's Order dismissing the case, and remanded the case for trial. The Opinion of the Crow Court of Appeals represents the Tribal Court's full and complete opportunity to define the extent of tribal legislative and adjudicatory authority over the conduct and activity of Big Horn and thus represents full and complete exhaustion of Tribal Court remedies.

**Relief**

22.  Plaintiff incorporates by reference paragraphs 1 through 21 set out above.

23.  Adjudicative jurisdiction and authority of the Crow Tribal Court is no broader than legislative jurisdiction and authority of the Crow Tribe. *Nevada v. Hicks*, 533 U.S. 353, 357-58 (2001). Generally, tribal courts lack subject matter jurisdiction over the activities of non-Indians within reservation borders. Additionally, tribal efforts to regulate the activities of non-Indians are presumptively invalid.

24.  Title 20 of the Crow Tribal Code, by its own terms, purports to apply to all purchasers of electric service within the Crow Reservation without regard to tribal membership or location of service whether on fee land or land held in trust for the Crow Tribe or its members. (See Exhibit 2, Section 20-1-101(c) defining "customer".) The right at issue is the Crow Tribe's claimed right to make its own laws and have others, who are adversely affected non-tribal members like Big Horn, be governed by them, not the limited right of self-government over tribal members. Although Big Horn's membership includes the Crow Tribe and tribal members, Big Horn cannot be characterized as a tribal entity

subject to Crow Tribal regulatory authority. *Big Horn County Electric Cooperative, Inc. v. Adams*, 219 F.3d 944, 949 (9th Cir. 2000).

25. Big Horn has consensual agreements with the Crow Tribe and its members, including the Tribal Court Plaintiff. These consensual agreements are in the form of Membership Agreements whereby members agree to pay for electricity used on a monthly basis and be bound by Big Horn's Bylaws, rules, regulations, and policies adopted to govern the relationship between Big Horn and its members.

26. The mere fact Big Horn has a Membership Agreement with the Tribal Court Plaintiff does not mean the Tribal Court has jurisdiction over the Lawsuit brought against Big Horn even though Big Horn delivered electricity to its member, the Tribal Court Plaintiff, on the Crow Reservation. Tribal Court jurisdiction attaches only when the Lawsuit arises out of events having a nexus to the consensual contract. The Lawsuit is based upon Big Horn's alleged violation of Crow Law (Title 20) and not upon events arising out of the Membership Agreements governing relations between Big Horn and its members. The Membership Agreement is not the qualifying kind of consensual agreement giving rise to tribal jurisdiction over the activities of Big Horn.

27. The Tribal Court Plaintiff seeks, through assertion of Tribal Court jurisdiction, tribal regulation and reform of Big Horn's conduct and an extension of tribal authority over the corporate affairs of Big Horn, a nonmember, for activity on Indian and non-Indian land alike involving both tribal members and non-members, all to the detriment of Big Horn.

10

The Lawsuit seeks enforcement of Title 20 to the extent it would abrogate and nullify obligations agreed to by the Tribal Court Plaintiff when he made application for electric service and signed the Membership Agreement.  If the contractual obligations of Tribal Court Plaintiff are nullified, by enforcement of Title 20, no consensual agreement would exist upon which the Tribal Court Plaintiff may rely to justify Tribal Court jurisdiction over the Lawsuit.

28.  Under the circumstances herein, there is no exception to the general rule that the sovereign powers of the Crow Tribe do not extend to the activities of Big Horn, a non-member, whether those activities occur on Indian or non-Indian land.  In particular, Big Horn does not have consensual relationships with the Tribal Court Plaintiff or Crow Tribe, of the qualifying kind with nexus to the Tribal Court Plaintiff's Lawsuit, which seeks assertion and exercise of Tribal Court jurisdiction and authority to subject Big Horn to the regulatory regimen of Title 20.

29.  While Indian tribes may retain inherent power to punish tribal offenders, determine tribal membership, regulate domestic relations among members and prescribe rules of inheritance for members, the Crow Tribe's inherent power does not reach beyond what is necessary to protect the subsistence of the tribal community.  Big Horn's operation of its utility business outside of and within the exterior boundaries of the Crow Indian Reservation does not menace the political integrity, economic security, or the health and welfare of the tribe.

11

30.  The obligatory provisions of membership agreements with the Crow Tribe and its members are not invalid or void and are superior to, not subordinate to, subsequent assertion of authority of the Crow Tribe to enforce Title 20.  Neither the Crow Tribe nor its members may abrogate their agreements with Big Horn which patently renounce and prohibit Crow Regulatory enforcement and adjudicatory rights and power asserted in Title 20.  The actions of Defendants imposing or seeking to impose tribal regulation or power over Big Horn, its agreements and relations with its members, violates federal law and Big Horn's rights under said law.

31.  The Opinion of the Crow Court of Appeals holds that Big Horn's normal and customary business practices are subject to tribal law and regulation, contain clearly erroneous findings of fact and law, and fails to consider or accurately apply federal common law limitations upon the adjudicatory jurisdiction of Tribal Court and legislative and regulatory authority of an Indian tribe over affairs of nonmembers of the tribe.  The decision of the Crow Court of Appeals exceeds the amount of authority the Crow Tribe could bestow upon tribal judges and the Opinion of the Crow Court of Appeals, dated April 15th, 2017, and Judgment entered pursuant thereto are prohibited by and in conflict with federal law, and are illegal, null and void.

## Count I
## Declaratory Judgment

32.  Plaintiff incorporates by reference paragraphs 1 through 31 set out above.

33.  Defendants unlawfully have invoked or imposed the subject matter and personal jurisdiction of the Tribal Court on the Tribal Court Plaintiff's claims against Plaintiff.

343.  The Tribal Court has no regulatory or adjudicatory authority over Plaintiff for the relief that the Tribal Court Plaintiff seeks in the Lawsuit.

35.  Any exercise of jurisdiction in this instance by the Tribal Court violates express jurisdictional prohibitions.

36.  The Tribal Court lacks adjudicatory authority over the Tribal Court Plaintiff's claims pending in Tribal Court and further proceedings ordered by the Crow Court of Appeals would serve no purpose other than delay.   Further exhaustion of Tribal Court remedies is not required or appropriate.

37.  An actual controversy exists between Plaintiff and Defendants regarding the jurisdiction of the Tribal Court over the claims against Plaintiff in the Lawsuit.  Declaratory and injunctive relief will effectively adjudicate the rights of the parties to this matter.

38.  Plaintiff seeks a judgment from this Court declaring that the Tribal Court lacks subject matter and personal jurisdiction over Plaintiff in the Lawsuit.

**Count II**
**Injunction**

39.  Plaintiffs incorporate by reference paragraphs 1 through 38 set out above.

40.   The assertion, exercise, and maintenance of Tribal Court jurisdiction over Plaintiff in the Lawsuit are unlawful.

41.  The Crow Tribe lacks authority pursuant to treaty, congressional delegation, or

inherent sovereignty to regulate Big Horn's business operations and corporate governance through legislative enactment of tribal council resolutions or ordinances such as Title 20. Any acts of Defendants taken or threatened, to supervise or regulate Big Horn pursuant to Title 20 exceeds or will exceed the authority of the Crow Tribe and is directly prohibited by and in conflict with federal law.

42.   If Defendants are not enjoined from such unlawful conduct, Plaintiff faces irreparable injury in the form of conflicting state/federal court and Tribal Court regulation, interference with established operations of and governance of Big Horn, uncertainty in business decisions, and litigation delay and expense.

43.   Defendants should be enjoined from prosecuting and maintaining the Lawsuit in Tribal Court against Plaintiff.

44.   The Crow Tribal Court Judge, in his or her official capacity, should be enjoined from entertaining or adjudicating the Lawsuit against Plaintiff as ordered by the Crow Court of Appeals.

WHEREFORE, Plaintiff prays as follows:

1.   For a declaratory judgment that the Crow Tribal Court does not have subject matter or personal jurisdiction over the Lawsuit;

2.   For a stay of proceedings in the Crow Tribal Court while this matter is pending and for an injunction prohibiting the Tribal Court Plaintiff from prosecuting and maintaining his claims against Plaintiff in the Lawsuit;

14

3.  For an injunction prohibiting the Crow Tribal Court Judge, in his or her official capacity, from entertaining or adjudicating claims against Plaintiff in the Lawsuit; and

4.  For such other and further relief as the Court deems appropriate, just, and equitable.

## Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this Complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the Complaint otherwise complies with the requirements of Rule 11.

DATED this 17th day of May, 2017.

/s/ James E. Torske
James E. Torske
Bar Number:  1563
Torske Law Office, P.L.L.C.
314 North Custer Avenue
Hardin, Montana, 59034
406-665-1902
torskelaw@tctwest.net

Attorney for Plaintiff