REC' 7-11-2012

Joe Hardgrave
Montana Legal Services Association
2442 First Avenue North
Billings, MT 59101
Telephone: (406) 248-7113 x339
Attorneys for Alden Big Man

## IN THE CROW TRIBAL COURT, IN AND FOR THE CROW INDIAN RESERVATION

| | |
|---|---|
| ALDEN BIG MAN<br>    Petitioner,<br>v.<br>BIG HORN COUNTY ELECTRIC COOP.,   Respondent. | Cause No. 12-118<br><br>**MOTION AND BRIEF<br>FOR SUMMARY JUDGMENT** |

Title 20 of the Crow Law and Order Code states "During the period of November 1st to April 1st . . . . no termination of residential service may take place." CLOC 20-1-110. Big Horn County Electric Cooperative (BHCEC) admits terminating Mr. Big Man's power "at 1:13 p.m. on January 26th, 2012." (*Answer to Complaint*, pg. 2).

Rule 19 of the Crow Rules of Civil Procedure prescribe Federal Rule 56 to govern motions for summary judgment. The party moving for summary judgment has the burden to show there are no issues of material fact and an entitlement to prevail as a matter of law.

Crow Law is clear and BHCEC not only admits to the one material fact to establish a violation of law, but BHCEC provides documentation proving the termination of Mr. Big Man's power in January of 2012. (*Answer to Complaint*, pg. 2 & *Defendant's*

1

Motion and Brief for Summary Judgment

*Exhibit* 1). This case is appropriate for summary judgment. Now to address BHCEC's affirmative defense.

BHCEC alleges several boilerplate affirmative defenses in their Answer, but the affirmative defense on jurisdiction should be addressed. This is BHCEC's affirmative defense regarding the forum selection clause allegedly contained in the contract for services. According to BHCEC, Alden Big Man agreed the "laws of the State of Montana shall control . . ." and "Big Horn County shall have exclusive jurisdiction . . ." (*Answer to Complaint*, pg. 2).

It is well settled these "forum selection" clauses in contracts are often non-enforceable. The clause is not valid if the chosen forum "has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice" or "application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue." *Conflict of Laws 2nd*, Chapter 8, §187 (1971). Ironically, Montana has adopted this restatement of law: "When determining whether Montana law would apply absent the parties choice of law, we rely on the Restatement § 188, which provides:(1) The rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties under the principles stated in § 6." *Polzin v. Appleway Equip. Leasing, Inc.*, 2008 MT 300, P16 (Mont. 2008).

Crow should prevail as the proper forum for this action under both the "substantial relationship" and the "fundamental policy of a state" prongs of the forum clause analysis.

Big Horn County has no substantial relationship to the parties or transaction other then BHCEC's office located in Hardin and BHCEC gives no other reason why the forum should be Big Horn County. This Court conducted an analysis on jurisdiction over BHCEC in a similar case involving a Crow Tribal Member. *Harris v. Big Horn County Electric Cooperative*, No. 86-223 (Crow Tr. Ct., Dec. 9, 1986). The *Harris* Court determined Crow had jurisdiction over BHCEC regardless of whether BHCEC was considered an Indian entity. *Id* at 2. The Court reasoned that BHCEC entered into a consensual relationship with the plaintiff as well as the Tribe itself and many other tribal members to deliver services to the Crow Reservation and that "the supply of electric power to the tribe and its members has a direct effect on the health and safety of the tribe and its members." *Id*. The purpose of the Crow law regarding winter month termination of power that specifically applies to cooperatives is designed to protect the health and safety of elderly and disabled tribal members just like Mr. Big Man. Undoubtedly, Crow has a materially greater interest in resolving an issue regarding a Crow Law designed to protect its members. If Montana law was utilized as BHCEC pleads to resolve the issue of the forum selection clause, then Montana Law would dictate Crow Tribal Court as the only reasonable forum.

    Mr. Big Man has shown there are no issues of material fact and Crow law has admittedly been violated. The alleged forum selection clause located in the agreement for services is invalid. For these reasons, Mr. Big Man respectfully request this Court grant Summary Judgment in his favor, awarding damages the Court deems appropriate,

3

Motion and Brief for Summary Judgment

with a minimum of $992.94 calculated as "twice the amount of a delinquent bill or other charge sought to be collected by the utility." CLOC 20-1-120(2).

Dated this 10 day of July, 2012.

_____
Joe Hardgrave

## CERTIFICATE OF SERVICE

I certify that on the 10 day of July, 2012, a copy of this MOTION AND BRIEF FOR SUMMARY JUDGMENT was served on the following counsel of record by first class mail, postage prepaid:

James E. Torske
Attorney at Law
314 N. Custer Ave.
Hardin, MT 59034

Joe Hardgrave

Motion and Brief for Summary Judgment

5