

SEP 2 5 2018

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| BIG HORN COUNTY ELECTRIC COOPERATIVE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ALDEN BIG MAN, UNKNOWN MEMBERS OF THE CROW TRIBAL HEALTH BOARD, HONORABLE CHIEF JUSTICE JOEY JAYNE, HONORABLE JUSTICE LEROY NOT AFRAID, and HONORABLE JUSTICE KARI COVERS UP, Justices of the Crow Court of Appeals, <br><br> Defendants. | CV 17-65-BLG-SPW <br><br> ORDER |

Big Horn County Electric Cooperative, Inc., (Big Horn) seeks an order from this Court declaring the Crow tribal court has no jurisdiction to hear the claim brought by Alden Big Man against Big Horn. (Doc. 1). Before the Court are United States Magistrate Judge Timothy Cavan's findings and recommendation filed August 15, 2018. (Doc. 48). Judge Cavan recommends this Court grant the Defendants' motions to dismiss. (Doc. 48 at 20).

1

## I. Standard of review

Big Horn filed timely objections to the findings and recommendation. (Doc. 50). Big Horn is entitled to de novo review of those portions of Judge Cavan's findings and recommendation to which it properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## II. Big Horn's objections

Big Horn raises two objections. First, Big Horn objects to Judge Cavan's conclusion that Big Horn has not exhausted its tribal remedies. Second, Big Horn objects to Judge Cavan's conclusion that tribal subject matter jurisdiction is not plainly lacking.

## III. Discussion

The Court does not reach Big Horn's second objection because it holds Big Horn has exhausted its tribal remedies and is therefore entitled to challenge tribal jurisdiction in federal court. The issue squarely presented to the Court is whether a non-Indian has exhausted its tribal remedies when a tribal appellate court expressly states the tribal court has jurisdiction over the case but the merits remain to be determined.

Non-Indians may bring a federal common law cause of action to challenge tribal court jurisdiction. *Elliot v. White Mountain Apache Tribal Court*, 566 F.3d 842, 846 (9th Cir. 2009) (citation omitted). But a non-Indian must first exhaust

tribal court remedies. *Elliot*, 566 F.3d at 846 (citing *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 19 (1987)). Exhaustion is required as a matter of comity. *Booze v. Wilder*, 381 F.3d 931, 935 (9th Cir. 2004) (citing *Strate v. A-1 Contractors*, 520 U.S. 438, 451 (1997)). The rule is grounded in federal policies supporting tribal sovereignty, including (1) furthering congressional policy of supporting tribal self-government; (2) promoting the orderly administration of justice by allowing a full record to be developed in the tribal court; and (3) obtaining the benefit of tribal expertise if further review becomes necessary. *Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 856-857 (1985).

"At a minimum, exhaustion of tribal remedies means that tribal appellate courts must have the opportunity to review the determinations of the lower tribal courts." *LaPlante*, 480 U.S. at 16-17. The Ninth Circuit construes the exhaustion requirement to be satisfied once the tribal appellate court takes the opportunity to review, or declines to review, the jurisdiction issue, even if the merits of the case have not been determined. *Elliott*, 566 F.3d at 847 n. 4. The Tenth Circuit construes the exhaustion requirement to be satisfied once the tribal appellate court expressly rules on the jurisdiction issue, even if the merits of the case have not been determined. *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1150 (10th Cir. 2011).

In *Elliott*, the plaintiff argued it exhausted its tribal remedies when the tribal court held it had jurisdiction and the tribal appellate court had no discretion to accept an interlocutory appeal of the jurisdiction issue. 566 F.3d at 846. The Ninth Circuit held the plaintiff had not exhausted its tribal remedies because the tribal appellate court had not yet had an opportunity to review the jurisdiction issue. In so holding, the Ninth Circuit contrasted the case with *Ford Motor Co. v. Todecheene*, where it held exhaustion occurs when a tribal appellate court has discretion to accept an interlocutory appeal of the jurisdiction issue and declines to do so. *Elliott*, 566 F.3d at 847 n. 4 ("This court recently held that, if the tribal appellate court has a discretionary interlocutory appeals process, that is sufficient for purposes of exhaustion.") (citing *Ford Motor Co. v. Todecheene*, 488 F.3d 1215, 1217 (9th Cir. 2007)).

In *Crowe*, the plaintiff argued it exhausted its tribal remedies when the tribal appellate court reviewed a portion of the case but did not expressly review whether the tribal court had jurisdiction. The Tenth Circuit held the plaintiff had not exhausted its tribal remedies because it was unclear whether the tribal appellate court considered the jurisdiction question. The Tenth Circuit contrasted the case with *Enlow v. Moore*, where it held the plaintiff did exhaust its tribal remedies because the tribal appellate court had explicitly stated the tribal court had jurisdiction over the case even though the merits remained undecided. *Crowe*, 640

F.3d at 1150 (citing *Enlow v. Moore*, 134 F.3d 993, 995-996 (10th Cir. 1998)) ("[W]e conclude that the highest tribal court had the 'opportunity to review the determinations of the lower tribal court,' thus exhausting [the plaintiff's] tribal court remedies.").

Here, the tribal court dismissed Alden Big Man's complaint for lack of subject matter jurisdiction. Big Man appealed. The tribal appellate court reversed the tribal court, stating "[t]his Court rules that the Crow trial court has subject matter jurisdiction over this matter consistent with this opinion . . . [t]his case is REMANDED to the Crow trial court to rule on the non-jurisdictional merits of [Big Man's] motion for summary judgment." (Doc. 1-5 at 16). Under *Elliott* and *Ford Motor Co.*, Big Horn therefore satisfied its exhaustion requirement because the tribal appellate court took the opportunity to rule on the jurisdictional question and expressly held the tribal court had jurisdiction. *See also Yellowstone County v. Pease*, 96 F.3d 1169, 1172 (9th Cir. 1996) ("[T]he tribal court clearly had a 'full opportunity' to consider the jurisdictional issue because the Crow Court of Appeals actually and finally decided that tribal jurisdiction exists.").

The Court does not come to this conclusion lightly. It appears the factual record in the tribal court is underwhelming. The tribal appellate court itself repeatedly admonished the tribal court that the record was not properly developed. (Doc. 48 at 15-19). As Judge Cavan noted, one of the main reasons federal courts

5

require exhaustion is to allow a full record to be developed in the tribal court. *Nat'l Farmers Union*, 471 U.S. at 856-857. Under similar circumstances, this Court has sent a case back to tribal court to further develop the record. *Glacier Electric Co-op., Inc. v. Williams*, 96 F.Supp.2d 1089, 1092-1093 (D. Mont. 1999, Great Falls Division). But that avenue has since been foreclosed by *Elliott* and *Ford Motor Co*. If the exhaustion requirement is satisfied when a tribal appellate court declines to accept an interlocutory appeal of the jurisdiction issue, it is certainly satisfied when a tribal appellate court expressly determines the jurisdiction issue. Furthermore, it's unclear whether district courts ever possessed the discretion exercised in *Glacier Electric*. Neither the Supreme Court nor the Ninth Circuit have stated a district court may, when tribal remedies are exhausted, discretionarily decline to entertain a challenge to tribal court jurisdiction because the district court considers the record inadequate.

In *LaPlante*, the Supreme Court emphasized the issue of tribal jurisdiction must be resolved by the tribal courts in the first instance. 480 U.S. at 16. That has occurred here. In *Elliot* and *Ford Motor Co.*, the Ninth Circuit instructed once the issue of jurisdiction has been decided by the tribal appellate court, a non-Indian has satisfied the exhaustion requirement even if the merits remain to be determined. The Court has no discretion but to entertain Big Horn's complaint challenging tribal jurisdiction.

6

## IV. Conclusion and order

1. Judge Cavan's findings and recommendation (Doc. 48) are rejected;

2. The Defendants' motions to dismiss are denied (Docs. 31 and 33).

DATED this 24th day of September, 2018.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge