IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| BIG HORN COUNTY ELECTRIC COOPERATIVE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ALDEN BIG MAN, *et al*, <br><br> Defendants. | CV 17-65-BLG-SPW-TJC <br><br> **FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE** |

Before the Court is Defendants' motion for judgment on the pleadings with respect to Defendants Unknown Members of the Crow Tribal Health Board ("the Board or Board Members"). (Doc. 78.) Plaintiff Big Horn County Electric Cooperative, Inc. ("BHCEC"), has filed a response and Defendants replied. (Docs. 80 & 81.) Having considered the parties' submissions, the Court RECOMMENDS Defendants' motion be DENIED.

## I.   FACTUAL BACKGROUND

In considering a motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), the Court accepts all factual allegations in the complaint as true and construes them in the non-movant's favor. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). The Court may also consider materials attached to the complaint

and documents incorporated by reference in the complaint. Fed. R. Civ. P. 10(c); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Harris v. Amgen, Inc.*, 788 F.3d 916, 934 (9th Cir. 2015), *cert. granted, judgment rev'd on other grounds*, 136 S. Ct. 758, 193 L. Ed. 2d 696 (2016). The following is a summary of the allegations and attachments of BHCEC's complaint.

Defendant Alden Big Man ("Big Man") is an enrolled member of the Crow Tribe and received electrical energy and service on the Crow Reservation from BHCEC, pursuant to a membership agreement with the cooperative. Big Man became delinquent on his account with BHCEC in January 2012. (Doc. 1 at 7, ¶ 15.) BHCEC gave Big Man termination notice on January 11, 2012, and again on January 24, 2012; the latter of which notified that service would be disconnected within 24 hours. (Docs. 1-2 at 5; 1-8 at 6.) BHCEC disconnected service on January 26, 2019. (Docs. 1 at 7, ¶ 15; 1-8 at 2, ¶ 5, and at 5.)

Big Man subsequently initiated a lawsuit in May 2012 against BHCEC in Crow Tribal Court under Title 20 of the Crow Law and Order Code. Title 20, Chapter 1 of the code relates to "Termination of Electric Service." (Doc. 1-3 at 1.) Particularly relevant to this case, § 20-1-110 of the code restricts the termination of electrical service during winter months and provides "[n]o termination of service may take place during the period of November 1st to April 1st except with specific prior approval of the Board." (*Id.* at 8.) The chapter further provides for certain

authority for the Board to implement and enforce the provisions of the code. Section 20-1-119(1), for example, provides that the Board is authorized to adopt rules to implement the chapter. (*Id.* at 11.) Decisions of the Board are reviewable in Crow Tribal Court, although § 20-1-120 directs that "[t]he Court shall affirm the decision of the Board if it is supported by substantial evidence and within the discretion of the Board." (*Id.* at 11.)

Big Man sought relief under § 20-1-120(2) of the code, which allows for maximum statutory damages of "twice the amount of a delinquent bill or other charge sought to be collected," or here, $992.94. (Docs. 1-2 at 3; 1-3 at 11.) The provision also bars utilities from collecting charges due at the time of the code violation. (Doc. 1-3 at 11.) Thus, not only would BHCEC be foreclosed from recovering the original past due amount but also be liable for double its value.

The Crow Tribal Court dismissed the lawsuit for lack of jurisdiction. (Doc. 1 at ¶¶ 1, 20; Doc. 1-7 at 9.) Big Man appealed to the Crow Court of Appeals, which reversed and remanded, holding the Crow Tribal Court has subject matter jurisdiction. (Docs. 1 at ¶¶ 1, 21; 1-4 at 1; 1-5 at 16.)

BHCEC subsequently filed the instant suit seeking a declaratory judgment that the Crow Tribal Court lacks subject matter and personal jurisdiction over BHCEC, and seeking an injunction prohibiting the Crow Tribe from attempting to regulate BHCEC's actions through Title 20 of the Crow Law and Order Code and

3

Big Man's lawsuit in Tribal Court. (Doc. 1 at ¶¶ 32-44.) BHCEC names the Board Members as defendants, and alleges they purport to have regulatory authority over BHCEC pursuant to Title 20 of the code. (*Id.* at ¶ 5.)

Defendants' now move for judgment on the pleadings to dismiss BHCEC's claims against the Board. Defendants assert that the Board and its members are protected by the Crow Tribe's sovereign immunity, and BHCEC has not alleged an effective waiver of sovereign immunity permitting this suit against the Board Members.

## II.   LEGAL STANDARD

Defendants have moved the Court for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c).[1] Rule 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the

---

[1] It appears that Defendants' motion to dismiss may have properly been brought under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. As the Ninth Circuit has recognized "the issue of tribal sovereign immunity is [quasi-]jurisdictional." *Pistor v. Garcia*, 791 F.3d 1104 1111 (9th Cir. Cir. 2015) (quoting *Pan Am. Co. v. Sycuan Band of Mission Indians*, 884 F.2d 416, 418 (9th Cir. 1989). "Although [tribal] sovereign immunity is only quasi-jurisdictional in nature, Rule 12(b)(1) is still a proper vehicle for invoking sovereign immunity from suit." *Id.* Nevertheless, the analysis of the current motion is the same, whether considered under Rule 12(c) or Rule 12(b)(1). Where, as here, a defendant mounts a facial challenge to the Court's subject matter jurisdiction, as opposed to a factual challenge, the *Iqbal* standard for a motion to dismiss under Rule 12(b)(6) is also applied under Rule 12(b)(1). *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012).

pleadings." A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Thus, the same legal standard "applies to motions brought under either rule." *Id.*

"Dismissal under Rule 12(b)(6) is proper only when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). The Court's standard of review under Rule 12(b)(6) is informed by Rule 8(a)(2), which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–678 (2009) (quoting Fed. R. Civ. P 8(a)).

### III.  DISCUSSION

Defendants argue that BHCEC's complaint is facially insufficient to invoke the Court's jurisdiction over the Board because the complaint does not allege a waiver of sovereign immunity. (Doc. 79 at 10.) Defendants assert that the Board is an arm of the Crow Tribe; thus, the Board Defendants are officials of the Crow Tribe afforded the protections of sovereign immunity. (*Id.* at 13.) Defendants maintain that without an allegation that the claims are brought under federal law

that abrogates tribal immunity, or pursuant to a waiver of sovereign immunity by the Tribe, the complaint does not properly state the grounds for the Court's jurisdiction under Fed. R. Civ. P. Rule 8(a)(1). (*Id.* at 14.)

Defendants also assert that BHCEC's complaint fails to allege facts sufficient to state a claim under Rule 8(a)(2)'s pleading requirements. (*Id.* at 15.) Defendants argue that BHCEC "has not and cannot assert any legal theory or claim that is cognizable as a matter of law against Tribal Health Board Defendants." (*Id.* at FN 2.) Specifically, Defendants assert that BHCEC's complaint does not allege any wrongful acts or conduct by the Board Defendants. (*Id.* at 16.)

BHCEC responds that tribal sovereign immunity does not bar suit against the Board Defendants under an exception elucidated in *Ex Parte Young*, 209 U.S. 123, 159-60 (1908) (Eleventh Amendment sovereign immunity does not bar action "in circumstances where suit is brought seeking to enjoin ongoing violations of federal law by government officials."). (*Id.* at 10-11.) BHCEC advances multiple cases for the proposition that the *Ex Parte Young* exception applies to tribal officials asserting tribal sovereign immunity. (Doc. 80 at 10-14; *see e.g. Crowe & Dunlevy, P.C. v. Stidham*, 609 F. Supp. 2d 1211 (N.D. Okla. 2009), *aff'd*, 640 F.3d 1140 (10th Cir. 2011); *BHCEC County Elec. Coop. Inc. v. Adams*, 219 F.3d 944 (9th Cir. 2000); *Burlington Northern & Santa Fe Ry. Co. v. Vaughn*, 509 F.3d 1085 (9th Cir. 2007).)

BHCEC also responds to Defendants' alternative argument that its complaint does not allege the Board committed any wrongful acts or conduct by pointing out that the Ninth Circuit's rejected the same contention in *Vaughn*.  (*Id.* at 15.) BHCEC argues that members of the Board are properly named Defendants "even though the Complaint does not recite specific acts," because only a requisite enforcement connection between the named officials and the challenged law need be present.  (*Id.* at 16 (citing *Vaughn*, 509 F.3d at 1092; *see also Baker Elec. Co-op, Inc. v. Chaske*, 28 F.3d 1466 (8th Cir. 1994) ("we reject the Tribe's contention that officer suits are inappropriate where the officers have not acted.")).)  BHCEC asserts that its pleadings mirror that which the Ninth Circuit recognized as permissible in *Vaughn*, 509 F.3d 1085 (9th Cir. 2007).  (*Id.* at 14.)

The Court will analyze each argument in turn.

### A.     Sovereign Immunity

BHCEC acknowledges that Indian tribes generally enjoy sovereign immunity from suit, absent the tribe's consent or congressional abrogation. Nevertheless, BHCEC contends that sovereign immunity does not bar its claim against the Board Members under an exception to sovereign immunity first recognized in *Ex Parte Young*, 209 U.S. 123 (1908).  In *Ex Parte Young*, the Supreme Court established an exception to Eleventh Amendment immunity for suits seeking prospective injunctive relief for alleged violations of federal law.  As

noted above, this exception has subsequently been extended to tribal sovereign immunity. *See Vaughn*, 509 F.3d at 1092; *Crowe v. Dunlevy*, 640 F.3d at 1155-56 (collecting cases).

To determine whether the *Ex Parte Young* exception applies "a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges [1] an ongoing violation of federal law and [2] seeks relief properly characterized as prospective.'" *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)); see also *Vaughn*, 509 F.3d at 1092 ("In determining whether *Ex Parte Young* is applicable to overcome the tribal officials' claim of immunity, the relevant inquiry is only whether BNSF has *alleged* an ongoing violation of federal law and seeks prospective relief.") (Emphasis in original.)

### 1. Ongoing Violation of Federal Law

Defendants appear to concede that the allegations of BHCEC's Complaint "may suffice" to satisfy the first prong of the *Ex Parte Young* Doctrine. (Doc. 81 at 5.) Defendants are correct. BHCEC has sufficiently alleged that the Board Defendants would exceed their authority in violation of federal law if permitted to regulate BHCEC. In paragraph 30 of its complaint, BHCEC alleges:

> The actions of Defendants imposing or seeking to impose tribal regulation or power over Big Horn, its agreements and relations with its members, violated Federal law and Big Horn's right under said law.

In paragraph 41 of its complaint, BHCEC further alleges:

The Crow Tribe lacks authority pursuant to treaty, congressional delegation, or inherent sovereignty to regulate BHCEC's business operations and corporate governance through legislative enactment of tribal council resolutions or ordinances such as Title 20. Any acts of Defendants taken or threatened, to supervise or regulate BHCEC pursuant to Title 20 exceeds or will exceed the authority of the Crow Tribe and is directly prohibited by and in conflict with federal law.

(Doc. 1 at ¶¶ 30, 41.)

These allegations state any attempt to regulate BHCEC by Defendants, which includes the Board "purporting to have regulatory authority over BHCEC pursuant to Title 20 of the Crow Tribal Code …," violates federal law. (Id. at 3, 4-5.) The Court need not conduct an analysis of the merits of the claim at this stage of the proceedings. An allegation of an ongoing violation of federal law is sufficient. See *Verizon Maryland*, 535 U.S. at 646 ("the inquiry into whether suit lies under Ex parte Young does not include an analysis of the merits of the claim. See *Coeur d'Alene,* [521 U.S.] at 281 … ('An *allegation* of an ongoing violation of federal law ... is ordinarily sufficient' (emphasis added [by the Court]))." ).

### 2. Prospective Relief

BHCEC's Complaint also satisfies the second prong of *Ex parte Young*, which requires a showing that BHCEC seeks relief properly characterized as prospective. *Verizon Maryland*, 535 U.S. at 645. BHCEC plainly seeks a declaratory judgment under the Declaratory Judgment Act, 28, U.S.C. § 2201, and

an injunction under Fed. R. Civ. P. 65, to adjudicate the rights of the parties to this matter. (Doc. 1 at ¶¶ 9, 37).

> Count I of the complaint, captioned "Declaratory Judgment," states:
>
> 37. An actual controversy exists between Plaintiff and Defendants regarding the jurisdiction of the Tribal Court over the claims against Plaintiff in the Lawsuit. Declaratory and injunctive relief will effectively adjudicate the rights of the parties to this matter.

(*Id.*)

> Count 2 of the complaint, captioned "Injunction," states:
>
> 41. The Crow Tribe lacks authority pursuant to treaty, congressional delegation, or inherent sovereignty to regulate Big Horn's business operations and corporate governance through legislative enactment of tribal council resolutions or ordinances such as Title 20. Any acts of Defendants taken or threatened, to supervise or regulate Big Horn pursuant to Title 20 exceeds or will exceed the authority of the Crow Tribe and is directly prohibited by and in conflict with federal law.
>
> 42. If Defendants are not enjoined from such unlawful conduct, Plaintiff faces irreparable injury in the form of conflicting state/federal court and Tribal Court regulation, interference with established operations of and governance of BHCEC, uncertainty in business decisions, and litigation delay and expense.

(*Id.* at ¶ 42.) BHCEC has clearly identified that it is seeking prospective declaratory and injunctive relief.

Therefore, BHCEC has sufficiently alleged a violation of federal law and that it seeks prospective relief to satisfy the "straightforward inquiry" on the application of *Ex Parte Young* doctrine.

///

B.  **Failure to State a Claim**

As to their second argument, Defendants take issue with BHCEC's complaint for the failure to specifically allege that the Board Defendants committed any wrongful act. Defendants argue the complaint "does not allege any wrongful action or conduct – indeed, any actions or conduct at all – taken by Tribal Health Board Defendants." (Doc. 79 at 16). Defendants also maintain that the complaint fails to state a claim against the Board Members "[b]ecause the Complaint is devoid of any allegations that Tribal Health Board Defendants did anything, or of what basis there is for any relief against them." (*Id.* at 17.)

This same argument was advanced – and rejected by the Ninth Circuit – in *Vaughn.* As in this case, the tribal officials in *Vaughn* argued the complaint was insufficient to invoke *Ex Parte Young* because the tribal officials "have taken no action in violation of federal law and BNSF failed to provide that tribal officials intend to take such action." *Vaughn,* 509 F.3d at 1092. The Ninth Circuit held it was not necessary to show that the tribal officials had enforced the tribal statute under consideration or that enforcement was imminent. It was sufficient that the officials have the "'requisite enforcement connection to' the challenged law for the *Ex Parte Young* exception to apply." *Id.* at 1092 (quoting *Nat'l Audobon Soc'y, Inc. v. Davis*, 307 F.3d 835, 847 (9th Cir. 2002)). In both *Vaughn* and *National Audubon*, the Ninth Circuit focused on whether the named party has direct

authority to enforce. *Vaughn*, 509 F.3d at 1092–93; *Nat'l Audubon*, 307 F.3d at 847 (declining to "read additional 'ripeness' or 'imminence requirements into the *Ex Parte Young* exception," and finding the Eleventh Amendment does not bar suit against a state official who had direct authority over and principal responsibility for enforcing the law in question).

Here, BHCEC alleges the Board Members "are or were members of the Crow Tribal Health Board purporting to have regulatory authority over Big Horn pursuant to Title 20 of the Crow Tribal Code referenced in Exhibit 2." (Doc. 1 at 3, 4-5.) This allegation is supported by "Exhibit 2" to the complaint (Doc. 1-3), which identifies the Board as the entity with authority to promulgate rules and enforce Title 20 of the Code. Specifically, the Board has authority to regulate the provision of Title 20 which forms the basis for Big Man's claim in the Tribal Court action; *i.e.*, the prohibition against terminating service during the winter months. (Doc. 1-3 at 8.)

Therefore, BHCEC has sufficiently alleged the "requisite enforcement connection to the challenged law" to state a claim against the Board members.

## IV. CONCLUSION

Based on the foregoing findings, **IT IS RECOMMENDED** that Defendant's Motion for Judgment on the Pleadings (Doc.78) be DENIED.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties. The parties are advised that, pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court, and copies served on opposing counsel, within fourteen (14) days after entry hereof, or objection is waived.

DATED this 13th day of December, 2019.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge