Kathryn Seaton
MONTANA LEGAL SERVICES ASSOCIATION
616 Helena Avenue, Suite 100
Helena, MT 59601
Phone: 406-442-9830
Fax:   406-442-9817
kseaton@mtlsa.org

Michael G. Black, Esq.
BECK, AMSDEN & STALPES PLLC
1946 Stadium Drive, Suite 1
Bozeman, MT 59715
Tel:   (406) 586-8700
Fax:   (406) 586-8960
mike@becklawyers.com

Attorneys for Defendant Alden Big Man

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| BIG HORN COUNTY ELECTRIC COOPERATIVE, INC., <br> Plaintiff, <br> v. <br> ALDEN BIG MAN, UNKNOWN MEMBERS OF THE CROW TRIBAL HEALTH BOARD, HONORABLE CHIEF JUSTICE KENNETH PITT, HONORABLE JUDGES DENNIS BEAR DON'T WALK AND MICHELLE WILSON <br> Defendants. | Case No. CV 17-00065-SPW-TJC <br><br> DEFENDANT BIG MAN'S STATEMENT OF DISPUTED FACTS |
|---|---|

Pursuant to L.R. 56.1(b), Defendant Alden Big Man submits his Statement of Disputed Facts in response to the Statement of Uncontroverted Facts filed by Plaintiff Big Horn County Electric Cooperative (BHCEC) (Doc. No. 83-1).

**Verbatim Response to Plaintiff's Statement of Undisputed Facts:**

1. Plaintiff (Big Horn) is a nonprofit Montana corporation incorporated pursuant to the provisions of Montana's Rural Electric and Telephone Cooperative Act, Title 35, Chapter 18 of the Montana Code Annotated, with principal business offices located in Hardin, Montana. As a rural electric cooperative, Big Horn delivers electric energy and services to its members and consumers through its transmission and distribution system in the states of Montana and Wyoming, Compl. p. 3.

*Undisputed.*

2. Defendant Alden Big Man (Big Man) was accepted as a member of Big Horn on February 15, 1999, pursuant to his written Application for Membership and for Electric Service for his residence located at Crow Agency, Montana, within the Crow Indian Reservation. Compl. p. 4, Ex. 4 (attached to Compl.)

*Disputed as to "pursuant to" language.* Big Man admits signing the BHCEC Application for Membership and for Electric Service related to delivery of electricity to his residence located on tribal trust land at Crow Agency, Montana,

1

within the Crow Indian Reservation, but he had no understanding of the meaning of the choice of law provision or choice of venue provision in the Application or how these provisions might have related to his ability to enforce his rights under tribal law in tribal court. He did not believe he had any ability to negotiate terms presented in the Application and believed he had to sign it in order to receive electricity at his home on tribal trust land. Decl. of Alden Big Man (Doc. 85-2), ¶¶ 2-8; BHCEC Responses to Tribal Defendants' First Discovery (Doc. 85-1), Answer to Request for Admission No. 1.

*Otherwise Undisputed*. *See* Scheduling Order (Doc. No. 76, Stipulation (c)).

3. Defendant Big Man agreed, as a cooperative member of Big Horn, that the laws of the state of Montana would "control and be exclusively applied . . . for the purpose of actions or proceedings brought to determine the rights of either the cooperative or . . . " Mr. Big Man, due to his membership or receipt of electric energy and that the state district court in Big Horn County would have exclusive jurisdiction and be the proper venue for any legal proceeding. *See* Membership Agreement, Ex. 4.

*Disputed as to whether the second sentence states any fact or material fact under Fed.R.Civ.P. 56(a).* The phrase beginning "Mr. Big Man" and ending with "legal proceeding" is an incomplete sentence fragment or a *non-sequitur* and therefore cannot constitute a material fact within the meaning of Fed.R.Civ.P. 56(a),

as provided by *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

*Disputed as to the title of the document.* Plaintiff's incorrectly refers to the title of the document, which actually is titled as an "Application for Membership" and the document speaks for itself. Compl. Ex. 4.

*Disputed further as to Big Horn's quotation for lack of completeness.* The Membership Application provides that:

> The Applicant agrees that the laws of the State of Montana shall control and be exclusively applied for the purpose of determining the rights of the Cooperative and Applicant hereunder and the Montana Thirteenth Judicial District Court, Big Horn County shall have exclusive jurisdiction and venue for the purpose of actions or proceedings brought to determine the rights of either the Cooperative or the Applicant arising by reason of membership in the Cooperative or delivery of electric energy to said member or any or all rights arising by reason of this membership agreement, articles of incorporation or by-laws of the Cooperative.

Compl. Ex. 4.

*Disputed as to "agreed" language.* Big Man admits signing the BHCEC Application for Membership and for Electric Service related to delivery of electricity to his residence located on tribal trust land at Crow Agency, Montana, within the Crow Indian Reservation, but he had no understanding of the meaning of the choice of law provision or choice of venue provision in the Application or how these provisions might have related to his ability to enforce his rights under tribal law in tribal court. Big Man has a limited formal education that consists of attending school through the ninth grade, a G.E.D., and some classes in carpentry

3

and welding at Big Horn College. He did not believe he had any ability to negotiate terms presented in the Application and believed he had to sign it in order to receive electricity at his home on tribal trust land. Decl. of Alden Big Man (Doc. 85-2), ¶¶ 2-8; BHCEC Responses to Tribal Defendants' First Discovery (Doc. 85-1), Answer to Request for Admission No. 1.

4. Big Horn's bylaws and corporate Policy No. 26 require Big Horn's members to pay monthly power bills within a designated time following the billing period. Mr. Big Man's membership agreement provides in part that he would pay for electric energy use by him "in accordance with the by-laws of the cooperative . . . " "and such rules and regulations as may be . . . adopted by the cooperative." Ex. 8 to Compl. § 18, 19, pp 7-8, Ex. B, attached to July 23, 2012, Aff. of Casey Munter, BHCEC Manager, filed in Crow Tribal Court in support of Big Horn's Motion to Dismiss for Lack of Jurisdiction.

*Disputed as to the title of the document.* BHCEC incorrectly cites the name of the document, which actually is titled as a "Application for Membership." Compl. Ex. 4.

*Disputed* as to content of "bylaws" based upon hearsay, lack of foundation, and non-compliance with L. R. 56.1(a)(2) as Big Horn fails to cite to any specific pleading, deposition, answer to interrogatory, admission or affidavit before the court to support each fact for this statement.

4

*Disputed* as to whether "Policy No. 26" constitutes one or more of the "rules and regulations . . . adopted" by BHCEC based upon hearsay, lack of foundation, and non-compliance with L. R. 56.1(a)(2) as Big Horn fails to cite to any specific pleading, deposition, answer to interrogatory, admission or affidavit before the court to support each fact for this statement. There is no evidence that Big Man was informed that "Policy No. 26" constitutes one or more of the "rules and regulations . . . adopted" by BHCEC.

*Disputed as to "Big Horn's membership agreement" language.* Big Man admits signing the BHCEC Application for Membership and for Electric Service related to delivery of electricity to his residence located on tribal trust land at Crow Agency, Montana, within the Crow Indian Reservation, but he had no understanding of the meaning of the choice of law provision or choice of venue provision in the Application or how these provisions might have related to his ability to enforce his rights under tribal law in tribal court. Big Man has a limited formal education that consists of attending school through the ninth grade, a G.E.D., and some classes in carpentry and welding at Big Horn College. He did not believe he had any ability to negotiate terms presented in the Application and believed he had to sign it in order to receive electricity at his home on tribal trust land. Decl. of Alden Big Man (Doc. 85-2), ¶¶ 2-8; BHCEC Responses to Tribal Defendants' First Discovery (Doc. 85-1), Answer to Request for Admission No. 1.

5

*Otherwise undisputed but BHCEC's citation is incorrect.* The July 23, 2012 Affidavit of Casey Munter is Exhibit 10 to the Complaint, not Exhibit 8. Complaint, Ex. 10. BHCEC's Policy No. 26 is attached to Exhibit 10. *Id*.

5. Big Horn's Policy No. 26 provides cooperative members who are "unable to pay their current bill in full may enter into a cooperative approved payment schedule", however, Big Horn's Manager's July 23rd, 2012, Affiant states: "Plaintiff Alden Big Man did not request a payment plan for his bill due in January, 2012". *Id*. Aff. of Casey Munter. (Big Horn's Policy No. 26, referenced as Exhibit B, is attached to the Affidavit of Christie Benzel.)

*Undisputed* as to what BHCEC'S Policy No. 26 states and as to what Affiant Casey Munter's Affidavit of July 23, 2013 states.

*Disputed* that stated facts are material under Fed.R.Civ.P. 56(a), as provided by *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986), in that the stated facts are irrelevant or unnecessary.

6. On January 11, 2012, Big Horn mailed a termination notice to Alden Big Man at his post office box in Crow Agency, Montana. The notice indicated his account was delinquent in the sum of $496.47 and the account would be subject to disconnect on 1/23/2012. The notice also stated: "If you are having difficulties making your payment . . . " contact Big Horn's office to qualify for a "payment arrangement". Also, that agencies, including HRDC, were available to help in

6

winter months. See, Aff. of Christie Benzel dated November 21st, 2019.

*Undisputed* as to statements about the notice dated January 11, 2012 in Benzel's Affidavit.

*Disputed* for lack of completeness and materiality. The Termination Notice provides

> If you are having difficulties in making your payment, please contact one of our offices to see if you would qualify for a payment arrangement. Agencies are also available for help during the winter months. Contact HRDC offices in your state.

BHCEC Motion for Summary Judgment, Ex. 2 (Doc. No. 83-3). The stated facts are not material under Fed.R.Civ.P. 56(a), as provided by *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986), in that the stated facts are irrelevant or unnecessary. The Complaint (Doc. 1, ¶¶ 2, 8, 33-36, 40-44) invokes federal question jurisdiction and alleges that the Tribal Court lacks subject matter and personal jurisdiction over BHCEC to enforce Title 20 of the Crow Law and Order Code, including CLOC 20-1-105. Compl. Ex. 2, at 4. The stated facts have no bearing on the dispute before the Court and do not invoke, involve, or relate to any federal question under 28 U.S.C. § 1331.

7. Without Big Horn's knowledge, Mr. Big Man filed a LIEAP application on January 20, 2012. He called the energy assistance supervisor on January 23, 2012, indicating he was subject to disconnect. Alden Big Man's electrical service was disconnected by Big Horn's personnel at 1:13 p.m., January

26, 2012. After Mr. Big Man's service was disconnected, HRDC advised Big Horn by e-mail at 2:03 p.m. on January 26, 2012, that Mr. Big Man had filed an application for assistance which had been approved.

*Disputed* for non-compliance with L. R. 56.1(a)(2) as Big Horn fails to cite to any specific pleading, deposition, answer to interrogatory, admission or affidavit before the court to support each fact for this statement.

*Disputed* as to materiality, except for third sentence. The stated facts are not material under Fed.R.Civ.P. 56(a), as provided by *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986), in that the stated facts are irrelevant or unnecessary. The Complaint (Doc. 1, ¶¶ 2, 8, 33-36, 40-44) invokes federal question jurisdiction and alleges that the Tribal Court lacks subject matter and personal jurisdiction over BHCEC to enforce Title 20 of the Crow Law and Order Code, including CLOC 20-1-105. Compl. Ex. 2, at 4. The stated facts (with one potential exception noted in the following paragraph) have no bearing on the dispute before the Court and do not invoke or involve any federal question under 28 U.S.C. § 1331.

*Undisputed* as to the fact that Big Horn disconnected Big Man's service on January 26, 2012. Scheduling Order (Doc. No. 76, Stipulation (d)).

8. On February 3rd, 2012, Mr. Big Man called BHCEC and was advised by Big Horn's Customer Relations Supervisor that his service had been disconnected before HRDC had advised Big Horn he had made application for

assistance which had been approved. (See, letter dated February 3rd, 2019, attached to Affidavit of Christie Benzel.)

*Undisputed* as to what the referenced letter states, but note that BHCEC incorrectly states the date of the letter. The date of the letter is February 3, 2012, not 2019. BHCEC's Motion for Summary Judgment, Ex. 3 (Doc. No. 83).

*Disputed* as to materiality. The stated facts are not material under Fed.R.Civ.P. 56(a), as provided by *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986), in that the stated facts are irrelevant or unnecessary. The Complaint (Doc. 1, ¶¶ 2, 8, 33-36, 40-44) invokes federal question jurisdiction and alleges that the Tribal Court lacks subject matter and personal jurisdiction over BHCEC to enforce Title 20 of the Crow Law and Order Code, including CLOC 20-1-105. Compl. Ex. 2, at 4. The stated facts have no bearing on the dispute before the Court and do not invoke, involve , or relate to any federal question under 28 U.S.C. § 1331.

9. Mr. Big Man, on May 2nd, 2012, filed a Complaint in Crow Tribal Court alleging Big Horn "violated Crow law", Title 20, CLOC § 20-1-110 which provides no utility may terminate electric service within the Crow Reservation between November 1 and April 1 without prior approval of the Crow Tribal Health Board. Mr. Big Man's tribal court suit contains no allegation Big Horn breached any term or obligation owed Mr. Big Man pursuant to his membership agreement with Big Horn.

*Disputed* for non-compliance with L. R. 56.1(a)(2) as BHCEC fails to cite to any specific pleading, deposition, answer to interrogatory, admission or affidavit before the court to support each fact for this statement.

*Disputed* as to materiality with respect to last sentence. The stated facts are not material under Fed.R.Civ.P. 56(a), as provided by *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986), in that the stated facts are irrelevant or unnecessary. The Complaint (Doc. 1, ¶¶ 2, 8, 33-36, 40-44) invokes federal question jurisdiction and alleges that the Tribal Court lacks subject matter and personal jurisdiction over BHCEC to enforce Title 20 of the Crow Law and Order Code, including CLOC 20-1-105. Compl. Ex. 2, at 4. The stated facts (but for exceptions noted in the following two paragraphs) have no bearing on the dispute before the Court and do not invoke or involve any federal question under 28 U.S.C. § 1331.

*Undisputed* as to the fact that Big Man filed a Complaint against BHCEC in Crow Tribal Court on May 12, 2012. Scheduling Order (Doc. No. 76, Stipulation (e)).

*Undisputed* as to the fact that Section 20-1-110(2) of Title 20 of the Crow Tribal Law and Order Code provides that no termination of electric service may occur between November 1 and April 1 except with specific prior approval of the Crow Tribal Health Board. Scheduling Order (Doc. No. 76, (Stipulation (b)); Compl. Ex. 2, at 7-8.

10. There are no provisions in Title 20, CLOC, restricting its applicability to the relationship between Big Horn and members of the Crow Tribe and/or services provided by Big Horn to the tribe or its members on tribal or trust land. As written and adopted by the Crow Tribe, Title 20, by its express terms, ostensibly applies to all electric services provided by Big Horn on the Crow Reservation. Compl. ¶ 24, p. 9, Ex. 2.

*Undisputed,* but object to BHCEC's attempt to disguise legal argument as undisputed material facts. The stated "facts," to the extent BHCEC seeks to broaden this dispute to reservation property other than tribal trust land are not material under Fed.R.Civ.P. 56(a), as provided by *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986), in that the stated facts are irrelevant or unnecessary. This dispute is limited to electrical service on tribal trust land. BHCEC Responses to Tribal Defendants' First Discovery (Doc. 85-1), Answer to Request for Admission No. 1. The Complaint (Doc. 1, ¶¶ 2, 8, 33-36, 40-44) invokes federal question jurisdiction and alleges that the Tribal Court lacks subject matter and personal jurisdiction over BHCEC to enforce Title 20 of the Crow Law and Order Code, including CLOC 20-1-105. Compl. Ex. 2, at 4. The stated "facts" have no bearing on the dispute before the Court and do not invoke, involve, or relate to any federal question under 28 U.S.C. § 1331.

11. In Crow Trial Court Big Horn filed a Motion to Dismiss for lack of

jurisdiction which was granted by the court. On May 24th, 2013, the trial court entered its order dismissing Mr. Big Man's lawsuit holding the Crow Tribe "is without legislative jurisdiction to adopt and enforce Title 20 Regulation" and "this Court is without jurisdiction over this case . . . " Compl ¶ 20, p 8, Ex. 5.

*Undisputed*, but point out that BHCEC's citation is incorrect. The Tribal Court Opinion is Exhibit 7 to the Complaint, not Exhibit 5. Compl. Ex.5.

12. Mr. Big Man appealed from the trial court's order to the Crow Court of Appeals. That court, by Opinion dated April 15th, 2017, reversed the trial court holding the Crow Tribe has legislative authority to adopt regulations such as Title 20 and to enforce the same as against Big Horn, based upon the court's conclusion the CLOC provides tribal courts with both personal and subject matter jurisdiction over Big Horn "since BHCEC, a cooperative, transacted business within the exterior boundaries of the Crow Reservation." Compl., Ex. 3.

*Undisputed,* but point out the citation is incorrect (the Opinion is Exhibit 4 to the Complaint, not Exhibit 3) and object to BHCEC's statement for lack of completeness. The Tribal Appeals Court's Opinion itself is the best evidence of its contents.

13. Big Horn filed this action seeking de novo review of the decision of the Crow Court of Appeals, asking the Court to enter judgment declaring that the tribal court lacks subject matter and personal jurisdiction over Big Horn and

enjoining the Crow Tribe and its courts from unlawful regulation of Big Horn's activities and conduct within the reservation due to the lack of Crow Tribal regulatory authority over Big Horn. Compl.

*Undisputed* that BHCEC filed this action.

*Disputed* that the other stated "facts" are facts or are material under Fed.R.Civ.P. 56(a), as provided by *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

*Disputed* as to the "fact" that the Complaint filed by BCHEC seeks de novo review, which is a legal standard or argument that does not appear in the Complaint.

*Disputed* also on the grounds that BHCEC has also asserted that this Court reviews the factual findings of the Tribal Courts for clear error. Plaintiff's Brief in Support of its Motion for Summary Judgment (Doc. 83-4), at 18.

**Additional Undisputed Material Facts in Opposition to Plaintiff's Motion:**

14. BHCEC admits that Big Man resides on trust land where he receives electric energy and service from BHCEC. BHCEC Responses to Tribal Defendants' First Discovery (Doc. 85-1), Answer to Request for Admission No. 1, Response to Interrogatory No. 16.

15. BHCEC admits that no treaty provisions or Acts of Congress divest or diminish the Tribe's authority to regulate business on the Reservation. BHCEC

13

Responses to Tribal Defendants' First Discovery (Doc. 85-1), Answer to Request for Admission No. 4.

16. Since at least 1986, BHCEC has been aware of the notice and disconnection provisions of the Tribe's Utility Winter Disconnection law which require notice to the utility customer in writing via personal service or certified mail ten days prior to the termination date, and notice to the Crow Tribal Health Board of the proposed termination. BHCEC Responses to Tribal Defendants' First Discovery (Doc. 85-1), Answer to Request for Admission No. 3.

17. Big Man signed the BHCEC Application for Membership and for Electric Service related to delivery of electricity, but he had no understanding of the meaning of the choice of law provision or choice of venue provision in the Application or how these provisions might have related to his ability to enforce his rights under tribal law in tribal court. Big Man has a limited formal education that consists of attending school through the ninth grade, a G.E.D., and some classes in carpentry and welding at Big Horn College. He did not believe he had any ability to negotiate terms presented in the Application and believed he had to sign it in order to receive electricity at his home on tribal trust land. Decl. of Alden Big Man (Doc. 85-2), ¶¶ 2-8.

18. BHCEC admits that it did not give ten days advance notice of intent to disconnect Big Man's electric energy and service by personal service or certified

mail to Big Man, and did not give notice of the proposed termination of Big Man's electric energy and service to the Crow Tribal Health Board, as required by CLOC 20-1-105(3)(a), 20-1-110(2). BHCEC Responses to Tribal Defendants' First Discovery (Doc. 85-1), Responses to Interrogory Nos. 21, 22, & 23.

DATED this 10th day of January 2020.

SUBMITTED BY:

/s/ Michael G. Black
BECK AMSDEN & STALPES, PLLC
1946 Stadium Drive, Suite 1
Bozeman, MT 59715

Kathryn Seaton
MONTANA LEGAL SERVICES ASSOCIATION
616 Helena Avenue, Suite 100
Helena, MT 59601

*Attorneys for Defendant Alden Big Man*